948 F.2d 1284
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Ray VANDYKE; Pauline Vandyke; Angeline Matney
Vandyke; Buddy Vandyke; June Vandyke; Lawrence Edward
Ratliff; Betty Ratliff; John Pollard Shortt; Ann Shortt;
Clyde Vandyke; Sabian Scott Vandyke; Tammy Vandyke,
Plaintiffs-Appellants,
v.
ISLAND CREEK COAL COMPANY; Ken Price; Eddie G. Ball,
Defendants-Appellees.
 No. 91-3022.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided Nov. 22, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CA-87-294-A, CA-87-295-A, CA-87-301-A, CA-87-302-A, CA-87-303-A, CA-87-304-A, CA-87-306-A)
 Argued: R. Kenneth Wheeler, Durrette, Irvin, Lemons & Fenderson, P.C., Richmon d, V., for appellants; Stephen McQuiston Hodges, Penn, Stuart, Eskridge & Jone s, Abingdon, V., for appelles.
 On Brief: Donald W. Lemons, Francis M. Fenderson, Jr., Bradley B. Cavedo, Rich ard P. Kruegler, durrette, Irvin, Lemons & Fenderson, P.C., Richmond, V.; H.A. Street, Street, Street, Street, Scott & Bowman, Grundy, V., for appellants; W ade W. Massie, Penn, Stuart, Eskridge & Jones, Abingdon, V., for appellees.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 James Ray Vandyke and six other appellants, residents and homeowners of Buchanan County, Virginia (hereafter Vandyke) brought this diversity action alleging their property was damaged by the mining activity of the defendants, Island Creek Coal Company and two of its managers (hereafter Island Creek). Vandyke contends that Island Creek's longwall mining techniques* interfered with the subjacent support of land on which the appellants' homes and other structures were located and that the loss of support damaged the buildings. The district court granted Island Creek's motion for summary judgment. We affirm.
 
 
 2
 In an appeal of a summary judgment this court applies the same Rule 56 standards the district court used. Those standards require the court to grant the motion if there is no genuine issue of any material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In making that determination, the court must view the facts as well as inferences drawn from those facts in the light most favorable to the non-moving party. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990).
 
 
 3
 In the early 1900s, Vandyke's predecessors in title conveyed the mineral rights in their property to Island Creek's predecessors in title. The deed conveyed "the right to remove all the coal and other minerals oil and gas as herein granted, without leaving any support for the underlying strata, and without any liability for damage which may result from the breaking of said strata...." Vandyke, while acknowledging that this language appears to waive any right to subjacent support, argues that under two Virginia Supreme Court decisions, the court should not enforce the waivers. Stonegap Colliery Co. v. Hamilton, 119 Va. 271, 89 S.E. 305 (1916), and Phipps v. Leftwich, 216 Va. 706, 222 S.E.2d 536 (1976).
 
 
 4
 The parties in Ball v. Island Creek Coal Co., 722 F.Supp. 1370 (W.D.Va.1989), advanced these same arguments. Vandyke, like the plaintiff in Ball, first contends that the outcome of his case should be controlled by Stonegap, which he interprets as teaching that Virginia law traditionally disfavors absolute waivers of liability for injury due to loss of subjacent support. The Ball plaintiffs, whose deeds also waived the right to subjacent support, claimed that longwall mining techniques damaged their property. There, too, the plaintiff relied on Stonegap. The district court in Ball concluded, however, that, contrary to the plaintiff's reading of Stonegap, Virginia law would "give effect to the surface owner's waiver of his right to subjacent support if that right is waived in the deed in 'clear and unequivocal language.' " Id. at 1372.
 
 
 5
 Vandyke's second argument was also rejected by the Ball court. He argues that the court should interpret the deeds in the light of what the parties could have contemplated at the time the deeds were executed. For this proposition, he cites Phipps v. Leftwich, 216 Va. 706, 222 S.E.2d 536 (1976), in which the Virginia Supreme Court refused to allow strip mining even though the deed conveyed the right to all minerals. Because the original parties could not have anticipated strip mining, the Phipps court limited the conveyance to underground mining. Id. at 542. Vandyke maintains that longwall mining is as different from traditional underground mining techniques as is strip mining. Because the original parties in the case we review could not have anticipated or contemplated the longwall mining technique, he argues they could not have agreed to waive their right to damages caused by longwall mining.
 
 
 6
 In rejecting this argument, the district court in Ball pointed out the Virginia Supreme Court's emphasis on the differences between strip and underground mining. Strip mining directly removes and thus totally destroys the surface, whereas underground mining damages the surface, if at all, only indirectly by removing its subjacent support. After applying the Virginia Supreme Court's distinction to the issues in Ball, the district court there stated that longwall mining is not qualitatively different from traditional underground mining: it differs only in the degree of damage it causes to the surface. Ball at 1373.
 
 
 7
 In determining state law in diversity cases, we, of course, accord "substantial deference to the opinion of a federal district judge [sitting in the involved state] because of his familiarity with the state law which must be applied." National Bank of Washington v. Pearson, 863 F.2d 322, 326 (4th Cir.1988), citing Caspary v. Louisiana Land and Exploration Co., 707 F.2d 785, 788 n. 5 (4th Cir.1983). From our reading of Stonegap and Phipps and giving appropriate deference to the district court's interpretation of Virginia law in Ball, we conclude that Virginia law would give effect to the clear and unequivocal language of the original deeds in this case.
 
 
 8
 Vandyke has also argued that we have not approved deed waivers when they result in destruction of the surface. He relies on Mullins v. Beatrice Pocahontas Co., 432 F.2d 314 (4th Cir.1970), in which we imposed a reasonable limitation on the mining activities of a coal company despite the existence of damage waivers in original deeds. In that claim for damages caused by dust emission, we held that the coal company could emit only that amount of coal dust reasonably necessary to produce marketable coal. Id. at 319. Vandyke asks us to apply a similar reasonable limitation to the loss of subjacent support. In contrast to the instant case, however, the coal company in Mullins had conveyed the land with provisions that it be developed into housing subdivisions. Mullins, 432 F.2d at 317-18. We agree with the district court that the reasonable limitation of Mullins is only appropriate when the deed waives some right that conflicts with the clearly contemplated use of the surface land. See Ball, 722 F.Supp. at 1372.
 
 
 9
 Vandyke also asks this court to reverse the district court's dismissal of his claims under the Virginia Coal Surface Mining Control and Reclamation Act of 1979, § 45.1--246.1(G). That provision grants a private cause of action to "[a]ny person who as a result of the violation by any operator of any rule, regulation, order, or permit issued pursuant to this chapter, suffers injury to his person or property...." Va.Code Ann. § 45.1-246.1(G) (emphasis added). The court below ruled that Vandyke failed to identify a violation of the Act. Vandyke contends that he alleged a violation of the Act, specifically regulation 480-03-19.817.121(c)(2), which in part states that an operator shall, to the extent required by the state "either correct material damage resulting from subsidence caused to any structures or facilities by repairing the damage or compensate the owner of such structures or facilities in the full amount of the diminution in value resulting from the subsidence." We are not persuaded. Rather than defining a separate violation, the quoted regulation simply establishes a separate remedy which can be enforced in the manner provided by the Act. See Va.Code Ann. § 45.1-245.
 
 
 10
 Finally, Ratliff, the seventh appellant, who claims his property was damaged by mining operations under land he does not own, argues that his claim should survive summary judgment because his deed does not contain the broad waivers absolving Island Creek from liability. Since, however, this claim was not properly raised in the court below, we do not consider it on appeal.
 
 
 11
 In view of the above, the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 In conventional mining, pillars of support are left in the underground corridors. These pillars prevent the "roof" from collapsing on the miners and also prevent subsidence of surface strata. Longwall mining uses a protected cutting machine that removes an entire block of coal, "collapsing the roof" of the mine behind it as it moves forward, and thus removes all support, causing subsidence of the surface